**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**REX MARTINEZ, ESQ.**
Nevada Bar No. 15277
E-mail: rmartinez@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KRONMEYER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX FREIGHT, INC, a foreign corporation,<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff Brian Kronmeyer ("**Mr. Kronmeyer**" or "**Plaintiff**") by and through his attorneys, Jenny L. Foley, Ph.D., Esq. and Rex Martinez, Esq. of HKM Employment Attorneys LLP, hereby complain and allege as follows:

## JURISDICTION

1.      This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"); for monetary damages to redress the deprivation of rights secured to the Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1981; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3.      All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.      On or about February 9, 2018, Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant named in this action with the Nevada Equal Rights Commission wherein he alleged discrimination based on race, age, sex, and retaliation.

5.      On or about October 19, 2020, Plaintiff received his Notice of Right to Sue from the Equal Employment Opportunity Commission.

6.      This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.      Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

8.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.      Plaintiff is a United States citizen and current resident of Clark County, Nevada.

10.     Defendant FEDEX FREIGHT, INC (hereinafter "**Company**" or "**Defendant**") is a foreign corporation and an employer doing business in the State of Nevada.

11.     At all times relevant to this matter, Defendant had over 50 employees, and is therefore subject to the provisions of Title VII.

12.     Plaintiff is an African American male.

13.     Plaintiff began his employment with the Company in 2008 as a City Driver and

1  has been a superlative employee since that time.

2       14.    Prior to working for the Company, Plaintiff had worked for several years as a

3  company trainer for Darden Restaurants and Red Robin International.

4       15.    Accordingly, because of Plaintiff's extensive background as both a trainer and

5  City Driver, he was well qualified for any position within being a Driver and/or Instructor.

6       16.    In or about August 2016, Defendant posted a job opening for Driver

7  Development Instructor.

8       17.    Plaintiff applied for the Driver Development Instructor position because of his

9  vast and relevant experience.

10      18.    Upon information and belief, Plaintiff was the only African American to apply

11  for the position.

12      19.    Upon information and belief, Plaintiff was the only applicant for the position.

13      20.    Thereafter, the position posting was cancelled.

14      21.    Despite Plaintiff being well qualified, Plaintiff never received an interview, any

15  follow up, or any explanation as to why the posting had been removed.

16      22.     Upon information and belief, this happened a second time in October 2016,

17  where the same series of events occurred.

18      23.    Upon information and belief, Plaintiff once again applied for the Driver

19  Development Instructor position, was the only African American candidate (and seemingly the

20  only candidate), and then the job posting vanished.

21      24.    This position was posted for a third time in approximately July 2017.

22      25.    Plaintiff applied and was again the only African American to apply for the

23  position.

24      26.    Plaintiff was not hired for the position, and instead, the position was given to a

25  Caucasian male, Ken LNU, who had less Company seniority and less experience as an

26  instructor than Plaintiff.

27      27.    The pattern continued as, upon information and belief, in January 2018, another

28  Driver Development Instructor position open.

28.     Once again, Plaintiff applied for the position, was the only African American candidate, and then was not hired for the position.

29.     This opening instead went to Earl Johnson, a Caucasian male.

30.     Mr. Johnson had less Company seniority and was far less qualified than Plaintiff as Mr. Johnson had no instructor or training experience.

31.     Plaintiff also had more driving experience than Mr. Johnson.

32.     Furthermore, during the interview phase, Plaintiff explained and provided video evidence of Mr. Johnson breaking Company policy.

33.     Nevertheless, Plaintiff was once again denied the position that he was well qualified for, which was again given to a Caucasian male with less experience and less seniority.

34.     Shortly thereafter, an incident occurred where Plaintiff had modified a delivery time on a single delivery to make it appear as it had arrived at another time.

35.     At the time of the occurrence, Plaintiff's supervisor was aware that Plaintiff had done this, and management could see that it occurred on their system.

36.     Upon information and belief, the day of the incident, Plaintiff had explained that others knew how to do this and were doing it often.

37.     Upon information and belief, Plaintiff, among several other employees, were taught to do this by the previous trainer.

38.     Upon information and belief, this was a widespread practice as at least twelve (12) others were known to do it at that time, and management could see every time a driver modified a delivery time.

39.     Upon information and belief, Mike Germanski, a Caucasian male driver, was known to do this, and at one point received a two-week suspension for doing it.

40.     Upon information and belief, Mr. Germanski was brought back after only one week of suspension.

41.     Nevertheless, Defendant terminated Plaintiff for doing the exact same thing a single time.

42.     Plaintiff had worked for Defendant for nearly ten (10) years and was always an

1    exemplarily employee.

2                                **FIRST CAUSE OF ACTION**

3            **(Discrimination Based on Race in violation of State and Federal Statutes)**

4          43.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though

5    fully set forth herein.

6          44.      Plaintiff is a member of the class of persons protected by state and federal

7    statutes prohibiting discrimination based on race.

8          45.      Defendant as an employer is subject to Nevada and federal statutes prohibiting

9    discrimination, NRS 613.330 et. seq., Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus,

10    has a legal obligation to provide Plaintiff with a work environment free from discrimination

11    and harassment.

12          46.      Defendant discriminated against Plaintiff by constantly denying Plaintiff a

13    promotion that he was well qualified for because of his race.

14          47.      Plaintiff was the only African American who applied, and a few times was the

15    only person to apply.

16          48.      Rather than hire Plaintiff who was well qualified for the position, Defendant

17    chose to discriminate against Plaintiff by denying him the position and instead hiring less

18    qualified Caucasian males with less Company seniority.

19          49.      Defendant also discriminated against Plaintiff by terminating him when other

20    non-African Americans were only subject to suspension for doing the exact same thing.

21          50.      Plaintiff suffered adverse economic impact due to Defendant's discriminatory

22    behavior and termination.

23          51.      Plaintiff was embarrassed, humiliated, angered and discouraged by the

24    discriminatory actions taken against him.

25          52.      Plaintiff suffered compensable emotional and physical harm, including but not

26    limited to, headaches, sleeplessness, anxiety, and depression resulting from this unlawful

27    discrimination by his employer.

28          53.      Plaintiff is entitled to be fully compensated for his emotional disturbance by

1 | being forced to endure this discrimination.

2 |     54.    Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover
3 | punitive damages for Defendant's intentional repeated violations of federal and state civil rights
4 | laws.

5 |     55.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

6 |     56.    Plaintiff is entitled to an award of reasonable attorney's fees.

7 |     57.    Defendant is guilty of oppression, fraud or malice, express or implied as
8 | Defendant knowingly and intentionally discriminated against Plaintiff because of his race.

9 |     58.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to
10 | deter other employers from engaging in such conduct and by way of punishing the Defendant
11 | in an amount deemed sufficient by the jury.

12 | **SECOND CAUSE OF ACTION**

13 | **(Violation of the Civil Rights Act of 1871, §1981)**

14 |     59.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though
15 | fully set forth herein.

16 |     60.    Plaintiff is African American and therefore a member of a protected class.

17 |     61.    Defendant engaged in the above-mentioned harassment and discrimination of
18 | Plaintiff with the purposeful intent to discriminate against him because of his race (African
19 | American).

20 |     62.    Under similar circumstances, other, white or non-African American employees
21 | were not subjected to a racially hostile working environment.

22 |     63.    Plaintiff was subject to an adverse employment action by being consistently
23 | denied a position that he was well qualified for, positions that ultimately went to Caucasian
24 | males with less experience.

25 |     64.    Defendant also subjected Plaintiff to the adverse action of terminating him for
26 | something that Caucasian males were only suspended for.

27 |     65.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

28 |     66.    Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

67.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly violated Plaintiff's rights under Section 1981 of the Civil Rights Act of 1871.

68.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION

### (Intentional/Negligent Infliction of Emotional Distress)

69.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

70.     Defendant's conduct toward Plaintiff was extreme, outrageous, and caused significant emotional harm, headaches, sleeplessness, and various physical and mental distress.

71.     Defendant's conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

72.     Plaintiff was either the only African American candidate or only candidate at all, and yet Defendant chose to discriminate and remove the position rather than hiring an African American for the position.

73.     Defendant also subjected Plaintiff to humiliation by discriminating against him when it terminated him for something that was not only widespread, but for which Caucasian employees received far less of a reprimand.

74.     Defendant had a duty to refrain from engaging in discrimination as described above.

75.     Defendant breached that duty.

76.     Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

77.     Defendant must pay damages in an amount to be determined at trial but exceeding $25,000 for emotional pain, suffering, inconvenience, mental anguish and loss of

1   enjoyment of life because they engaged in illegal actions.

2        78.    Because Defendant is guilty of oppression, fraud or malice, express or implied,

3   Defendant must pay Plaintiff an additional amount for the sake of example and by way of

4   punishment.

5        79.    Plaintiff has had to obtain the services of an attorney to protect his rights and

6   secure compensation for the damages incurred as a result of these violations and therefore, he

7   is entitled to recover reasonable attorney's fees against Defendant.

8   **FIFTH CAUSE OF ACTION**

9   **WHEREFORE,** Plaintiff prays this court for:

10       a.  A jury trial on all appropriate claims;

11   moreover, to enter judgment in favor of the Plaintiff by:

12       b.  Awarding Plaintiff an amount sufficient to fully compensate his (including tax

13             consequences) for all economic losses of any kind, and otherwise make his

14             whole in accordance with Title VII, the Civil Rights Act of 1871, §1981, and

15             certain claims brought pursuant to the Nevada Revised Statutes;

16       c.  General damages;

17       d.  Special damages;

18       e.  An award of compensatory and punitive damages to be determined at trial;

19       f.  Pre- and post-judgment interest;

20       g.  An award of attorney's fees and costs; and

21       h.  Any other relief the court deems just and proper.

22   Dated this 14th Day of January 2021.

23             **HKM EMPLOYMENT ATTORNEYS, LLP**

24             */s/ Jenny L. Foley*
          **JENNY L. FOLEY, Ph.D., Esq.**

25             Nevada Bar No. 9017
          1785 East Sahara, Suite 300

26             Las Vegas, Nevada 89104

27             Tel: (702) 805-8340
          E-mail: jfoley@hkm.com

28             *Attorney for Plaintiff*